**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna Karina Acosta Angulo,<br><br>Plaintiff,<br><br>v.<br><br>Thunderbird Restaurants LLC, *et al.*,<br><br>Defendants. | No. CV-24-01897-PHX-JJT<br><br>**ORDER** |

Before the Court is Plaintiff Myrna Karina Acosta Angulo's Motion for Partial Summary Judgment (Doc. 31, Mot.) supported by her Statement of Facts (Doc. 32, SOF), to which Defendants responded (Doc. 33, Resp.) with their own Controverting Statement of Facts (Doc. 34, CSOF), and Plaintiff replied (Doc. 35).

## I.     BACKGROUND

The following facts are undisputed. A woman named Sofia Rodriquez Cota worked as a cook at a Scottsdale bar called T-Bird Tavern from January 18, 2024 to March 16, 2024. (SOF ¶¶ 20–21; CSOF ¶¶ 20–21.) T-Bird Tavern is owned and managed by Thunderbird Restaurants, LLC that is in turn owned and managed by TB Ventures, LLC and Ace High Partners, LLC. (SOF ¶ 2; CSOF ¶ 2.) TB Ventures is owned and managed by Mr. Troy Brandt, while Ace High Partners is owned and managed by Mr. Kelley Albert Cordova. (SOF ¶¶ 3–4; SCOF ¶¶ 3–4.) Sofia Rodriguez's last day of work was March 16, 2024, and in the week leading up to her last day, she worked 32.58 hours. (SOF ¶ 24; CSOF ¶ 24.)

Plaintiff, who states that she was the woman named Sofia Rodriguez Cota, now sues Defendants for failure to pay her for her last week of work. She asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"), the Arizona Minimum Wage Act, A.R.S. § 23-363 ("AMWA"), and the Arizona Wage Act, A.R.S. § 23-350 ("AWA"). (Doc. 1.) Plaintiff now moves for summary judgement.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). "The Court need not 'comb the record' looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein." *New Leaf Publ'g, Inc. v. Top Innovations LLC*, No. 2:24-cv-04676-MEMF-SSC, 2025 U.S. Dist. LEXIS 208363, at *5 (C.D. Cal. Oct. 21, 2025) (citing Fed. R. Civ. P. 56(c)(3), (e)(2); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001)).

As the moving party, Plaintiff "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. If the moving party does so, the nonmoving party must produce evidence to support its claim or defense. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the nonmoving party's evidence if it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. The nonmoving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data.") (citation modified). "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *Brit. Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).

### III.    ANALYSIS

As an initial matter, the Court must clarify the scope of the parties briefing. Plaintiff moves for partial summary judgment but does not clarify what aspects about the relief she seeks render it "partial" relief. At first blush the use of the term "partial" appeared to be a misnomer because Plaintiff expressly seeks summary judgment "on all counts contained in the Complaint" (Mot. at 1.) But a searching review of the Motion reveals that she excludes Brandt Placement Services LLC, a named defendant, from her request for relief. Accordingly, the claims against Brandt Placement Services LLC will proceed no matter the outcome of the Court's decision here.

In responding to Plaintiff's Motion, Defendants request summary judgment in their favor pursuant to Rule 56(f)(1). (Resp. at 2.) But Defendants did not file their own summary judgment motion in the time prescribed by the Court (*see* Doc. 15). If a party wishes to seek summary judgment, it must do so in a properly and timely filed motion in compliance with Rule 56(a)–(c), not merely call upon the Court's discretionary and *sua sponte*

authority to enter summary judgment for a nonmovant permitted by Rule 56(f)(1). The Court declines to construe Defendants' response as a cross-motion for summary judgment because it is untimely and procedurally improper. Having determined the scope of the summary judgment briefing, the Court turns to evaluate whether Plaintiff should be granted summary judgment.

To prevail on her FLSA claim, Plaintiff must prove that (1) she was employed by Defendants during the relevant period; (2) she was a covered employee; and (3) Defendants failed to pay her a minimum wage during the relevant period. *Quinonez v. Reliable Auto Glass, LLC*, No. CV-12-000452-PHX-GMS, 2012 WL 2848426, at *2 (D. Ariz. July 11, 2012); *see also Zorich v. Long Beach Fire Dept. & Ambulance Serv., Inc.*, 118 F.3d 682, 684 (9th Cir. 1997). Similarly, under the AMWA, Plaintiff must demonstrate that Defendants were an employer under the statute, she was a qualified employee, and she was not paid the applicable minimum wage for hours worked. *See Alexander v. Golden Margarita LLC*, 819 F. Supp. 3d 962, 983 (D. Ariz. 2025). Finally, under the AWA, "if an employer . . . fails to pay wages due to an employee, the employee may recover in a civil action against an employer . . . an amount that is treble the amount of unpaid wages." A.R.S. § 23-355(A).

Each of Plaintiff's claims rise and fall on whether she was paid for her final week of work.[1] Plaintiff argues that she was not paid and there is no genuine dispute of material fact on this issue because Defendants lack payment records showing they did pay her. According to Plaintiff, Defendants' failure to keep payment records establishes a presumption that Plaintiff was not paid. (Mot. at 8–10.) Plaintiff cites to *Brock v. Seto*, 790 F.2d 1446 (9th Cir. 1986) for that very premise. (Mot. at 9.) But *Brock* is inapplicable because the issue there was not whether the employee was unpaid, but what *amount* was owed to him. 790 F.2d 1446, 1448–49 (9th Cir. 1986). The issue before this Court is the

---

[1] The parties disagree on whether Defendants are employers under the relevant federal and state laws, whether Plaintiff is the woman named Sofia Rodriguez Cota who worked for Defendants, and whether Plaintiff should be equitably estopped or lacks standing to recover unpaid wages on behalf of the woman named Sofia Rodriguez Cota. But the Court need not address these arguments because all of Plaintiff's claims require that she was not paid wages owed to her, and there is a genuine issue of material fact as to this issue.

inverse: there is no dispute as to the amount Plaintiff worked in her last week of employment, but the parties dispute whether Plaintiff was paid for that work or not. Next, Plaintiff cites *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), which similarly dealt with the issue of establishing the amount an employee worked where the employer lacked those records. (Mot. at 9.) *Mt. Clemens* is inapplicable for the same reasons as *Brock*. Under the case law cited by Plaintiff, no such presumption exists.[2]

The only evidence produced by Plaintiff to support nonpayment is her own declaration that she was on vacation when she was fired and never received her last paycheck. (Doc. 32-8 ¶¶ 9–11.) But Plaintiff's declaration is directly contradicted by Mr. Brandt who declares that he personally handed Plaintiff an envelope containing the amount she was owed for her last week of work when he terminated her on March 16, 2026. (Doc. 34-2 ¶¶ 27–32.) Both narratives cannot be true, and neither party presents any documentary evidence supporting their declarations.[3] Whether Plaintiff was paid for her last week of work boils down to a credibility determination that only the trier of fact can make. Accordingly, Plaintiff's request for summary judgment is denied.

**IT IS ORDERED** denying Plaintiff's Motion for Partial Summary Judgment (Doc. 31).

**IT IS FURTHER ORDERED** that this matter will proceed to trial, and the Court will set a pre-trial status conference by separate Order.

Dated this 4th day of June, 2026.

Honorable John J. Tuchi
United States District Judge

---

[2] In addressing the same argument that Plaintiff makes here, at least one court in this District has reached the same conclusion. *Lopez v. JJJRT Inc.*, No. CV-16-00764-PHX-DJH, 2017 WL 4769528, at *2 (D. Ariz. July 20, 2017).

[3] Defendant Bryant declares that the "$0" column on the time records provided in Plaintiff's Exhibit I shows that "Sofia Rodriguez Cota was paid for every hour she worked." (Doc. 34-2 ¶24.) But Defendants do not explain how a demarcation of $0 on a payroll sheet proves that Plaintiff was paid, and common sense suggests that a non-sum entry is no evidence of payment at all.

- 5 -